# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TIMOTHY G. HENSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:09-cv-1340-DFH-JMS |
| | ) | |
| ALAN FINNAN, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry and Order to Show Cause - Discipline Case

### I.

Timothy G. Henson's ("Henson") petition for a writ of habeas corpus is subject to the preliminary review required by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts*. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." See *Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

Henson asserts eight claims. His first two claims must be summarily dismissed. These claims are that during the disciplinary proceedings, authorities violated state prison regulations and policies. Specifically, he alleges that he was not screened and given a hearing within seven working days of the date of the alleged offense. This theory has been soundly rejected. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Federal habeas corpus relief does not lie for errors of state law" because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The mere violation of a prison policy does not constitute a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); see also *Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law).

No partial final judgment shall issue at this time as to the claims summarily dismissed in this Entry. The first two claims in the petition are **dismissed** pursuant to Rule 4.

## II.

The respondent is directed to answer the allegations of **claims three through eight** of the petitioner's petition for a writ of habeas corpus, and in doing so shall **show cause** why the relief sought by the petitioner should not be granted **as to those claims.** This shall be done within **twenty (20) days** after the date this Entry is signed. The petitioner shall have twenty (20) days after service of such answer or return to order to show cause on him in which to reply.

A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the court's CM/ECF case management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

So ordered.

_David F. Hamilton_

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:  October 30, 2009

Distribution:

Timothy G. Henson
No. 128238
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

habeas@atg.in.gov